IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 3 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| JESSIE HUCKEL, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:20-CV-988-A |
| § | (NO. 4:17-CR-176-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

ORDER

Came on for consideration the motion of movant, Jessie Huckel, for compassionate release. The court, having considered the motion, the record in the underlying criminal case, No. 4:09-CR-067-A, and applicable authorities, finds that the motion should be denied.

A court may, on motion of the Director of the Bureau of Prisons or of the defendant after exhausting his administrative remedies, reduce or modify a term of imprisonment after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). In commentary, the Sentencing Guidelines describe "extraordinary and compelling reasons" to include medical conditions such as terminal illness, serious deterioration in mental or physical health because of aging, and family circumstances such as incapacitation of the caregiver of

defendant's minor children. USSG § 1B1.13 (policy statement). The Fifth Circuit has described these as "compassionate release claims." United States v. Chambliss, No. 19-50741, 2020 WL 428933 (5th Cir. Jan. 28, 2020). Although the commentary also says that there can be "in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C) [medical and family reasons]," the court is not persuaded that movant has cited any such "other reasons."

If the court is mistaken and movant's medical conditions do qualify as extraordinary and compelling, the court still would not grant relief. Movant, who is 36 years old, is serving a 200-month term of imprisonment. He received a two-level increase for possession of at least one .380-caliber handgun. His fairly lengthy criminal history included a conviction for prohibited weapon (brass knuckles). The court cannot find that movant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). USSG 1B1.13 (policy statement). Further, weighing the factors of 18 U.S.C. § 3553(a), the court is not inclined to grant relief.

Immediate release of movant would not be in the interest of justice. Rather, it would minimize the seriousness of her crimes and conduct and encourage every other prisoner who could not

2

obtain relief under 28 U.S.C. § 2255 to seek compassionate relief for extraordinary and compelling circumstances. See United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019)(discussing appropriateness of relief where the determination is narrow and unlikely to have far-reaching implications); United States v. Nevers, No. 16-88, 2019 WL 7281929, at *5-6 (E.D. La. Dec. 27, 2019)(same).

The court ORDERS that movant's motion for compassionate release be, and is hereby, denied.

SIGNED September 3, 2020.

JOHN MCBRYDE
United States District Judge